## IN THE COURT OF COMMON PLEAS, TRUMBULL COUNTY, WARREN, OHIO

### S U M M O N S
*Rule 4 1995 Ohio Rules of Civil Procedure*

**2018 CV 00320**

TRAVELERS INDEMNITY COMPANY
ONE TOWER SQUARE
HARTFORD CT 06183
*Plaintiff(s)*

VS.

AIR VENT INC
4117 PINNACLE POINT DRIVE STE 400
DALLAS TX 75211
*Defendant(s)*

IF APPLICABLE, SEE COMPLAINT FOR ADDITIONAL DEFENDANTS

**TO THE ABOVE NAMED DEFENDANT(S):**

    YOU ARE HEREBY SUMMONED THAT A COMPLAINT (A COPY OF WHICH IS HERETO ATTACHED AND MADE A PART HEREOF) HAS BEEN FILED AGAINST YOU IN THIS COURT BY THE PLAINTIFF(S) NAMED HEREIN:

    YOU ARE REQUIRED TO SERVE UPON THE PLAINTIFF(S) ATTORNEY, OR UPON THE PLAINTIFF(S) IF THEY HAVE NO ATTORNEY OF RECORD, A COPY OF YOUR ANSWER TO THE COMPLAINT *WITHIN TWENTY-EIGHT (28) DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU*, EXCLUSIVE OF THE DAY OF SERVICE. SAID ANSWER MUST BE FILED WITH THIS COURT WITHIN THREE DAYS AFTER SERVICE ON PLAINTIFF'S ATTORNEY.

    THE NAME AND ADDRESS OF THE PLAINTIFF(S) ATTORNEY IS AS FOLLOWS:

**PATRICK J. OMALLEY**
**55 PUBLIC SQUARE**
**SUITE 800**
**CLEVELAND, OH 44113**

    IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

**KAREN INFANTE ALLEN**
**CLERK OF COURTS**

BY:   CYNTHIA BEALE
*Deputy Clerk*

Date:  February 16, 2018

**\*\*FYI:** *IF THIS ACTION IS A CIVIL FORECLOSURE ACTION – PLEASE REFERENCE THE "SAVE THE DREAM" INFORMATIONAL PAGES AS FOUND ON THE CLERK'S WEBSITE AT:*
       clerk.co.trumbull.oh.us/civil.htm



IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | |
|---|---|
| The Travelers Indemnity Company<br>One Tower Square<br>Hartford, Connecticut 06183,<br><br>    Plaintiff,<br><br>v.<br><br>Air Vent, Inc.<br>4117 Pinnacle Point Drive<br>Suite 400<br>Dallas, Texas 75211<br><br>    Defendant. | CASE NO. 2018 CV 260<br><br>JUDGE: **W WYATT McKAY**<br><br>**COMPLAINT**<br>*(Jury Demand Endorsed Hereon)* |

COMES NOW Plaintiff, The Travelers Indemnity Company, by and through its undersigned counsel, for its complaint against Air Vent, Inc., states as follows:

## PARTIES

1. Plaintiff, The Travelers Indemnity Company ("Travelers"), at all relevant times, is a corporation authorized to do business in the State of Ohio with a principal place of business located at One Tower Square, Hartford, Connecticut 06183.

2. Defendant, Air Vent, Inc. ("Air Vent"), is a Delaware corporation with a principal place of business located at 4117 Pinnacle Point Drive, Suite 400, Dallas, Texas 75211.

3. At all times material hereto, Air Vent is a corporation engaged in a business that designs, formulates, produces, makes, constructs and/or assembles building construction products, including Power Cool Plus™ 15 Power Attic Ventilators.

## FACTUAL BACKGROUND

6. Schools of Ohio Risk Sharing Authority ("SORSA") is a non-profit, member owned consortium, that provides insurance for public schools in Ohio.

7. At all times material hereto, SORSA provided property and casualty insurance to the Southington Local School District for certain schools, including the Chalker High School, Southington Middle School, and Southington Elementary School located at 2482 OH-534, Southington, Ohio 44470.

8. At all times material hereto, Travelers was duly authorized to issue policies of insurance in the State of Ohio, and provided a Property Facultative Reinsurance Certificate to SORSA which provided reinsurance to SOSRA for insurance claims made by the Southington School District that involve damages which exceed $100,000.00.

9. At all times material hereto, Air Vent knew and intended that its products would be used by members of the general public and knew of the specific uses, purposes and requirements for which said goods would be utilized.

10. After September of 2010 and before June 30, 2016, a Power Cool Plus™ 15 Power Attic Ventilator (hereinafter, the "Attic Fan") that was manufactured, assembled and sold by Defendant, Air Vent, was purchased and then installed at the Southington Local School District's Middle School (hereinafter, the "School") located at 2482 OH-534, Southington, Ohio 44470.

11. The Attic Fan reached the School without substantial change in its condition, and it was not altered or modified prior to, or during, its use.

12. On or about June 30, 2016, a fire occurred at the School and caused significant damage to both the School and its contents.

13. The fire originated within and was caused by a defect within the Attic Fan.

14. As a direct and proximate cause of the fire, Southington Local School District sustained damages to its property in an amount in excess of $725,227.89.

15. In accordance with the terms and conditions of the policy of insurance issued by SOSRA to the Southington School District, SOSRA was required to and did make payments to the Southington School District in the amount of $725,227.89.

16. By virtue of its payments made to the Southington School District, SORSA became legally, equitably and contractually subrogated to the rights of recovery that the Southington School District had against Air Vent.

17. Likewise, in accordance with the terms and conditions of the Property Facultative Reinsurance Certificate issued by Travelers to SORSA, Travelers was required to and did make reinsurance payments to SOSRA in the amount of $625,227.89.

18. By virtue of its payments made to SOSRA, Travelers became legally, equitably and contractually subrogated to the rights of recovery that SOSRA and the Southington School District had against Air Vent.

<u>**COUNT I**</u>
<u>**STRICT PRODUCT LIABILITY AGAINST AIR VENT, INC.**</u>
<u>**UNDER OHIO REV. CODE ANN. § 2307.75, § 2307.76, & §2307.77**</u>

19. Plaintiff incorporates by reference each and every paragraph of this Complaint as fully set forth herein.

20. Air Vent designed, formulated, produced, made, constructed and assembled the Attic Fan and represented that it would be quality built and free from manufacturing defects.

3

21. Contrary to Air Vent's representations, the Attic Fan, including its component parts, was not built with quality, nor was it free from defects.

22. Instead, the Attic Fan was unreasonably dangerous, defective and unsafe for its intended uses because it contained the following defects:

(a) The Attic Fan was defectively designed and/or manufactured such that its component parts were insufficient to prevent overheating from occurring within the Attic Fan;

(b) The Attic Fan was defectively designed and/or manufactured such that the design of the Product allowed it to overheat and suffer electrical failures resulting in the ignition of combustible materials;

(c) the foreseeable risks of fire associated with its design or formulation exceeded the benefits associated with that design or formulation.

(d) The Attic Fan contained inadequate warnings concerning its propensity to cause fires during its normal and intended use;

(e) The Attic Fan was manufactured defectively in that it was inadequately assembled, inspected and/or tested;

(f) The Attic Fan was designed, manufactured and distributed with electrical wiring and a motor that had a propensity to cause fires; and

(g) The Attic Fan was designed, manufactured and distributed without appropriate application of safety devices to protect against overheating, motor failures, electrical failures and fires; and

(h) Air Vent knew, or in the exercise of ordinary care, should have known about the overheating and fire risks associated with the Attic Fan but failed to provide adequate pre-marketing and post-marketing warnings regarding these risks associated with the Attic Fan's use.

23. At all times material hereto, Southington Local School District was an intended user of the Attic Fan, and Southington Local School District used the Attic Fan for the purpose and manner intended and/or expected by Air Vent.

24. On June 30, 2016, the defective Attic Fan proximately cause a fire which damaged the Southington Local School District's Middle School, and its contents.

25. As direct and proximate result of the defects associated with the Attic Fan, the fire occurred and proximately caused Southington Local School District to incur damages.

26. As set forth in Paragraphs 15-18 above, Travelers has made payments to SORSA for the damages caused by the fire to Southington Local School District in excess of $625,227.89, and by virtue of these payments is now equitably and contractually subrogated to the rights of recovery Southington Local Schools has against Air Vent.

WHEREFORE, Plaintiff, The Travelers Indemnity Company, demands judgment against Defendant, Air Vent, in an amount in excess of $625,227.89 together with interests, costs and such other relief as this Court deems just and equitable under the circumstances.

KEIS GEORGE LLP

_/s/ Patrick J. O'Malley_
Patrick J. O'Malley (0064987)
55 Public Square #800
Cleveland, Ohio 44113
Telephone: (216) 241-4100
Fax: (216) 771-3111
Email: pomalley@keisgeorge.com

5

## JURY DEMAND

Pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure, a trial by a jury composed of the maximum numbers of jury permitted by law is hereby demanded by the Plaintiff.

_____
Patrick J. O'Malley (0064987)
*Attorney for Plaintiff*

6