IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVELERS INDEMNITY COMPANY | ) | CASE NO. 4:18-CV-666 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | JOINT MOTION TO EXCLUDE EXPERT |
| | ) | WITNESS TESTIMONY ON BEHALF OF |
| AIR VENT, INC., et al. | ) | THIRD-PARTY PLAINTIFF AIR VENT, INC. |
| | ) | |
| Defendants. | ) | |

Now come Third-Party Defendants, by and through respective counsel, and jointly request this Court to exclude any opinions of any expert witness on behalf of Third-Party Plaintiff Air Vent, Inc. ("Air Vent") which criticize the work performed by any of the Third-Party Defendants. For cause, Third-Party Defendants state that in the amended case management scheduling order set by this Court, all parties with the burden of proof were to identify experts and provide reports no later than July 15, 2019. Rebuttal reports were due August 23, 2019.

Plaintiff Travelers Indemnity Company produced expert reports on July 15, 2019 implicating Air Vent as the responsible party for the subject fire and resulting damages. Plaintiff has not asserted any direct cause of action against any one of the Third-Party Defendants. Therefore, the burden of proof to establish any liability against any of the Third-Party Defendants rests solely upon Air Vent. However, Air Vent did not provide any report from any expert by the July 15th deadline. Failure to abide by a Court's disclosure deadline results in properly excluding the opinions of an expert witness who was not timely identified. See *Marquardt v. Joseph*, 173 F.3d 855 (1996 6th Cir.).

In the third-party complaint, Air Vent generally asserts that each of the Third-Party Defendants breached a duty, and that the respective breaches of duty caused the subject fire and damages. Air Vent does not assert any right to recover for contractual indemnity. As the third-party complaint is based solely on alleged negligence/breach of duty, Third-Party Plaintiff bears the burden of proof to establish duty, breach of duty, proximate cause and damages. See, *e.g.*, *Spalding v. Coulson* (1995), 105 Ohio App.3d 62.

Third-Party Defendants in this case would be prejudiced if the Court were to allow Air Vent to provide expert testimony to support its burden of proof on the third-party claim for the first time in its rebuttal expert report, as Third-Party Defendants have no further options in which to file further rebuttals. Rule 26(A)(2)(c) provides a default standard for disclosure of rebuttal expert testimony. However, "Rule 26(A)(2)(c) does not apply where the Court specifically set a schedule for the submission of expert reports". *Saint Gobain Autover USA Inc. vs. Xinyi Glass North America Inc.* (October 23, 2009), N.D. Ohio, 2009-WL-10689369.

In *Saint Gobain*, the case management order only provided for two tiers of expert submission: the first round applied to experts on issues where the parties bore the burden of proof and the second round was a responsive or rebuttal deadline. The Court found that to the extent that "rebuttal" testimony of the expert witnesses went to issues for which Plaintiffs bore the burden of proof, the opinions would not be admitted. Likewise, in the present case, Air Vent bears the burden of proof with respect to establishing liability against the Third Party Defendants. To the extent that its "rebuttal" reports implicate the Third Party Defendants, such opinions should be excluded, since those opinions should have been set forth by July 15, 2019.

In addition to failing to abide by the deadline set in the case management order, it would be unduly prejudicial to allow Air Vent to assert expert opinions about the Third Party

Defendants for the first time in the rebuttal reports. As it currently stands, the last deadline for expert reports is August 23, 2019, so each Third Party Defendant must have its own expert witness set forth all opinions by that time. This presents a Catch-22 for the Third Party Defendants: they must decide whether to forego presenting an expert report altogether since there are no affirmative claims to rebut, or they must speculate as to what the claims of the Third Party Plaintiff's experts might be, and ask their experts to anticipate what arguments will best rebut the speculated theories of liability. Thus, each Third-Party Defendant would be prejudiced by having to risk missing their own expert deadline altogether, or having to produce a "rebuttal" report without having had the opportunity to fully assess and specifically address any expert opinions regarding the standard of care or any specific act or omission of the Third-Party Defendants which allegedly caused or contributed to the subject fire loss.

As Air Vent failed to meet the requirements for expert disclosures and reports set by this Court, and Third Party Defendants would be prejudiced by allowing any adverse opinions to stand, Third Party Defendants jointly move to exclude all expert opinions which implicate the Third Party Defendants.

Respectfully submitted,

*/s/ Kristen E. Campbell Traub*
Kristen E. Campbell Traub (#0066452)
Pelini, Campbell & Williams LLC
8040 Cleveland Avenue NW - Suite 400
North Canton, OH 44720
Telephone: (330) 305-6400
Facsimile: (330) 305-0042
E: kec@pelini-law.com
Counsel for Third-Party Defendant
Roof T.E.C., Inc. (dba RoofTEC)

*/s/ Paul D. Eklund per approval*
Paul D. Eklund, Esq. (0001132)
Collins, Roche, Utley & Garner
875 Westpoint Parkway – Suite 500
Cleveland, OH 44145
Email: peklund@cruglaw.com
Phone: (216) 916-7730
Fax:    (216) 916-7725
Counsel for Third-Party Defendant Valley
Electrical Consolidated Inc. dba VEC


*/s/ Merle D. Evans, III per approval*
Merle (Trace) D. Evans, III (0019230)
Day Ketterer Ltd.
200 Market Avenue North – Suite 300
PO Box 24213
Canton, OH 44702-4213
Direct: 330-458-2041
Phone: 330-455-0173
Fax:    330-455-2633
Email: mdevans@dayketterer.com
Counsel for Third-Party Defendant
U.S.A. Roofing, Inc.


*/s/ Patrick S. Corrigan per approval*
Patrick S. Corrigan, Esq. (0046785)
Senior Associate Counsel, Managing Attorney
Staff Counsel of the Cincinnati Insurance Co.
55 Public Square – Suite 930
Cleveland, OH 44113
E:  patrick_corrigan@staffdefense.com
Direct: 216 479-7695
Phone: (216) 696-6454
Fax:    (216) 696-0227
Counsel for Third Party Defendant
Foti Contracting, LLC

-5-

        */s/ Martin J. Pangrace per approval*
        Martin J. Pangrace, Esq. (#0073857)
        Kyle A. Johnson, Esq. (#0091050)
        Justin M. Lovdahl, Esq. (#0096958)
        Brennan Manna & Diamond LLC
        75 E. Market Street
        Akron, OH 44308
        E: mjpangrace@bmdllc.com
        E: kajohnson@bmdllc.com
        E: jmlovdahl@bmdllc.com
        Counsel for Third-Party Defendant, Glaus, Pyle,
        Schomer, Burns & DeHaven, Inc. dba GPD
        Associates

## CERTIFICATE OF SERVICE

    I hereby certify that on August 23, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        */s/ Kristen E. Campbell Traub*
        Kristen E. Campbell Traub (#0066452)

S:\4137\2914\Joint Mot Exclude.docx