# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| THE TRAVELERS INDEMNITY COMPANY, | ) ) ) | CASE NO. 4:18-cv-666 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) ) | MEMORANDUM OPINION AND ORDER |
| AIR VENT INC., | ) ) | |
| DEFENDANT/THIRD PARTY PLAINTIFF | ) ) ) | |
| vs. | ) ) | |
| GLAUS, PYLE, SCHOMER, BURNES & DEHAVEN INC., dba GPD Group, *et al*., | ) ) ) | |
| THIRD PARTY DEFENDANTS. | ) ) | |

This case is before the Court on the joint motion of third-party defendants to exclude expert witness testimony on behalf of defendant/third party plaintiff Air Vent, Inc. ("Air Vent") (Doc. No. 115 ["Mot."]). Air Vent responded to the motion (Doc. No. 122 ["Opp'n"]), third-party defendants filed a reply (Doc. No. 124 ["Reply"]), and Air Vent filed a sur-reply (Doc. No. 125 ["Sur-Reply"]).

Given the vague and piecemeal manner in which the parties addressed the issues raised in the present motion, it is necessary to briefly discuss each filing in turn. In their motion, third-party defendants sought to prevent Air Vent from offering any expert testimony against them on the ground that Air Vent did not identify its expert witnesses until August 23, 2019, the deadline

to identify rebuttal experts. (*See* Doc. No. 89 (Amended Case Management Plan and Trial Order).) Because Air Vent has the burden of proof on its third-party claims, third-party defendants argued Air Vent should have identified these experts on July 15, 2019, the date reserved for the party with the burden of proof to identify experts.

In its response, Air Vent explained that plaintiff Travelers Indemnity Company agreed to permit Air Vent to disclose its experts by August 23, 2019. (Opp'n at 970.[1]) It argued that third-party defendants cannot claim any prejudice from this arrangement because they have been in possession of the report of John Bizub, a member of the Trumbull County Fire Investigation Unit, for over a year and participated in Mr. Bizub's deposition on May 17, 2019. (*Id.* at 967–69.) The response discussed no other expert witnesses.

In their reply, third-party defendants admitted that they "do not disagree with Air Vent's assertion that Mr. Bizub's report was provided before July 15, 2019 and do not seek to exclude him from testifying to the matters raised in his report and in his subsequent deposition." (Reply at 977–78.) However, they took the position that the Court should prevent another expert not identified until August 23, 2019—K. Derek Longeway, P.E.—from offering any opinion that third-party defendants were responsible for the fire that underlies this action. (*Id.*)

In its sur-reply, Air Vent insists that it intends to "use Mr. Longeway in its case in chief *solely* to rebut plaintiff's claims of product defect." (Sur-reply at 980) (emphasis added). Air Vent represents that plaintiff has no objection to the use of Mr. Longeway's testimony in this fashion. (*Id.* at 981.) The Court takes Air Vent at its word that its use of Mr. Longeway's testimony will be limited to rebutting plaintiff's claims that the Air Vent product was defective,

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

and, therefore, finds that the joint motion has been rendered MOOT.[2] To the extent that the motion is not moot, the Court rules that Air Vent will not be permitted to offer opinions by Mr. Longeway that assert that any third-party defendant is responsible for the fire at issue in this case or the damages claimed by plaintiff.[3]

**IT IS SO ORDERED**.

Dated: November 20, 2019

                                                                **HONORABLE SARA LIOI**
                                                                **UNITED STATES DISTRICT JUDGE**

---

[2] Third-party defendant Glaus, Pyle, Schomer, Burns & Dehaven, Inc. dba GPD Associates ("GPD") filed a separate reply, joining in arguments raised in the main reply brief and offering a second argument challenging the qualifications of Mr. Longeway. (Doc. No. 126 ["GPD Reply"].) Inasmuch as Air Vent will not be offering Mr. Longeway's testimony against any third-party defendant, this argument, which was improperly raised for the first time in a reply brief, is also rendered moot.

[3] The Court's ruling herein is limited to Doc. No. 115 and is not intended to be construed as a ruling on other pending motions to exclude or strike. *See, e.g.*, Doc. Nos. 133, 134, 143.