IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE TRAVELER'S INDEMNITY CO. | ) | CASE NO.  4:18-CV-00666 |
| | ) | |
| Plaintiff | ) | JUDGE:  SARA LIOI |
| | ) | |
| vs | ) | **THIRD PARTY DEFENDANT FOTI** |
| | ) | **CONTRACTING, LLC'S BRIEF IN** |
| AIR VENT, INC. | ) | **REPLY TO THIRD PARTY** |
| | ) | **DEFENDANT USA ROOFING, INC.'S** |
| Defendant/Third Party | ) | **MEMORANDUM IN OPPOSITION TO** |
| Plaintiff | ) | **THIRD PARTY DEFENDANT FOTI** |
| | ) | **CONTRACTING, LLC'S MOTION FOR** |
| vs | ) | **SUMMARY JUDGMENT** |
| | ) | |
| GLAUS, PYLE, SCHOMER, BURNS, | ) | |
| & DEHAVEN, INC. dba GPD GROUP, | ) | |
| et al. | ) | |
| | ) | |
| Third Party Defendants | ) | |

Now comes Third Party Defendant, Foti Contracting, LLC, by and through counsel, and pursuant to Rule 56 of the Federal Rules of Procedure, submits its Reply to Third Party Defendant USA Roofing's Memorandum in Opposition (Docket No. 155) to Third Party Defendant's Motion for Summary Judgment (Docket No. 140).

        Respectfully submitted,

        ___*/s/ Patrick S. Corrigan*_____
        Patrick S. Corrigan (0046785)
        6480 Rockside Woods Boulevard South, #145
        Independence, Ohio  44131
        (216) 696-6454 [Telephone]
        (216) 696-0227 [Facsimile
        Patrick_corrigan@staffdefense.com
        ***Attorney for Third Party Defendant,***
        ***Foti Contracting, LLC***

1

**MEMORANDUM IN SUPPORT**

1.  **USA Roofing's Contract Requires it to Indemnify Foti for USA Roofing's Own Negligence, as Permitted Under Ohio Revised Code§2305.31**

    The contractual indemnity terms are enforceable, since they apply to the negligence, if any, of USA Roofing. The sub contract terms and conditions embraced by USA Roofing state as follows:

    > *The subcontractor binds himself to the contractor for the performance of the subcontractor's work in the same manner as the contractor is bound to the owner for such performance under contractors' contracts with the owner. The pertinent parts of the contract between the owner and the contractor and the owner shall be made available upon subcontractors written request.* (See, Exhibit T,7 - 1.2)

    Then, in Section 1.3, The contract states:

    > "*Should any question arise with respect to the interpretation of the drawings and specifications, such questions shall be submitted to the architect/engineer and his decision shall be final and binding. If there is no architect/engineer for this project, contractor's decision shall be followed by the subcontractor.*

    Any reading of this sub-contract demonstrates that USA Roofing, as subcontractor, was obligated to perform in the manner required by the <u>architect</u> There is no dispute that the vent fan installation was consistent with the architect's specifications.

    The contract required USA Roofing to properly install the air vent fan which eventually ignited. Foti Contracting agrees that the Air Vent fan ignited due to a failed thermal switch, as has been argued by all parties, except Air Vent. However, in the event that this court determines that the proximate cause of loss was other than the failed thermal cut-off switch, and was related to the improper installation of the Air Vent fan, then USA Roofing is certainly obligated to indemnify Foti Contracting by virtue of the terms of the contract. Air Vent relies upon the unfounded opinion of witness John Bizub in its claim that the vent fan was improperly installed. (See, Air Vent's Brief in Opposition to Foti Contracting's Motion for Summary Judgment, Doc. #153, p.6) While Foti does

not concede that the vent fan was improperly installed, if it was, then USA Roofing, as the installer, is the proper liable party.

The insurance and indemnity provisions of this subcontract, under §5.1 require that:

> *"To the fullest extent permitted by law, the Subcontractor agrees to indemnify, defend and hold harmless the Contractor, the Owner, the Architect/Engineer and all of their agents and employees from and against any all claims, damages, losses and expenses, including but not limited to attorney fees, arising out of or resulting from the performance or failure in performance of the Subcontractor's Work under this Subcontract provided that any such claim, damage, loss or expense (1)is attributable to bodily injury,…. or destruction of tangible property(other than the Work itself) including the loss of use resulting therefrom, and (2) is caused in whole or in part by any negligent act or omission of this sub-contractor or anyone directly or indirectly employed by him or anyone for whose acts he may be liable regardless of whether it is caused in part by a party indemnified hereunder."*

Thus, the indemnity terms are explicitly designed to hold the Subcontractor accountable for its own negligence, and USA Roofing's attempt to blanket itself under the Anti-Indemnity Statute, R.C. §2305.31 fails.

These indemnity terms do not require that USA Roofing indemnify Foti for its own negligence. The negligence alleged, and what might be determined in this case, as it respects the installation of the Air Vent fan, is singular to USA Roofing's actions or omissions in (1) failing to inform Foti that the Air Vent fan manufacturer instructions were improperly disregarded and/or (2) that the fan may have been improperly installed directly on insulation board, thereby causing an increase in heat that resulted in a fire. Should this court determine that the manufacturer's instructions were properly disegarded by the architect, and/or that Roof Tec's instructions were followed, then USA Roofing reasonably relied upon the architect's decision and Roof Tec's instructions, and summary judgment should be granted to USA Roofing and Foti Contracting. However, if this court finds an issue of fact regarding the question of whether USA Roofing properly

installed the fan and whether the improper installation was the cause of the fire, then in that event, Foti has an enforceable right of indemnification.

2. **USA Roofing mischaracterizes the evidence that demonstrates an issue of fact regarding whether USA Roofing followed proper technique.**

USA Roofing's Motion for Summary Judgment against Foti Contracting should be denied, since USA Roofing has failed to demonstrate that its own means and methods were proper, and it negligently failed to inform Foti that the installation was not in accordance with manufacturer guidelines. USA Roofing installed the vent fans in the roof under the direction and consent of Roof TEC, the chosen inspector of the Southington School District. USA Roofing, according to the evidence, never informed Foti Contracting that the air vent would be placed directly upon the insulation board as alleged. See, Deposition of Basmagy, at pp.129-130:

> "Q: And your testimony, I think, was when you found out that's what you were going to be told to do, you might have shaken your head.
>
> A: Yes. ….
>
> Q: Other than that, did you have any conversations with anybody, whether from your company or anybody else, about the way these fans were being installed or the way you were being instructed to install the fans?
>
> A: Not that I can recall, and it wouldn't be for the way they were installing it, it would be that we've got to work our good work out…. that we just finished."

It is abundantly clear that USA Roofing's failure to inform Foti that the fans were not installed in accordance with manufacturer specifications amounts to an independent act of negligence for which USA Roofing is obligated. This obligation is both contractual, and under USA Roofing's liability in tort.

Basmagy never testified that he asked Foti for instructions on how to install the vent fan. Foti Contracting's on-site supervisor, Jeffrey Gillespie, testified Foti's role was "*coordinating as far as telling our subcontractor to go ahead and proceed with the work.*" (Gillespie at 66) Gillespie

4

reiterated that the installation of roofing, flashing and roof vents was supervised by Roof TEC. (Gillespie at 71). Thus, the means and methods of roof installation were left to USA Roofing, subject to the approval of RoofTEC, the owner's roofing inspector. USA Roofing points to neither evidence nor testimony showing that Foti Contracting had a specific role in determining how the vent fan would be installed on the roof. Thus, absent the active direction and control of Foti Contracting in the specific work on the specific fan that ultimately ignited, Foti Contracting cannot be charged with knowledge or control of the means and methods employed by USA Roofing. USA Roofing has submitted no evidence that Foti Contracting was asked whether, or how, the air vent fan should be installed directly over insulating material, and that is the scenario alleged by Air Vent.

3. **Foti Did Not Actively Participate in USA Roofing's Tasks, So it Cannot Be Implicated in Liability for any Negligent Installation.**

USA Roofing's Second Argument mischaracterizes Foti's <u>observation</u> of a single installation of an Air Vent fan as "*active direction and control*", when Foti's only participation was in observing the group discussion on how to protect the vapor barrier. Basmagy' s own testimony reveals that the occasion of Foti's presence on the roof during the installation focused on *"ways to seal vapor barrier after penetration from electrical conduit line from power vent fan."* (Deposition of Basmagy, p 67). Basmagy's extensive testimony from Pages 67 through 84 scrutinizes Exhibit H, the RoofTEC notes from multiple days of installation. These are records for all 13 vents, and the <u>only reference to Foti's involvement is limited to the one day addressing the issue of protecting the vapor barrier</u>. There is simply no documented involvement of Foti Contracting in directing or controlling the installation of the roof vents.

USA Roofing improperly characterizes Foti's general supervisory oversight as active direction and control. Such a broad and incorrect definition of direction and control would encompass any situation where a general contractor observes the sub-contactor's work. Under Ohio law, "active

5

direction and control" requires that the general contractor directed the activity which resulted in injury and or gave or denied permission for critical acts that led to injury. *Michaels v. Ford Motor Co.*, 72 Ohio St.3d 332, 1995-Ohio-81, 650 N.E.2d 416.  Foti gave no specific instruction or detailed on-site oversight beyond general supervision and scheduling. The only entity that provided active direction and control was Roof TEC. Basmagy testified that *"I just followed the directions I was told to do…. if you're standing out there an they tell you to do it like this, it doesn't matter if I go like this (indicating). They're going to go [say] "We're RoofTec, you do what we're telling you."* (Basmagy at 139).

USA Roofing objects that it had no role in selecting the fan, yet irrespective of its role in choosing components, USA Roofing retains the obligation to install the fan in accordance with manufacturer's or architect's instructions. If the architect's instructions, enhanced by the supervision and oversight of Roof Tec, violated manufacturer specifications, this information should have been conveyed to Foti Contracting. It was not.  The fact that there is no testimony indicating that Foti Contracting was informed of this scenario redounds to the liability of USA Roofing, whose own expertise in roofing was the reason it was hired in the first place.  Thus, USA Roofing cannot skate away from its own obligation as a roofing professional where it has failed to inform the general contractor, or the owner, of installation in contradiction of the manufacturer's specifications.

                Respectfully submitted,

                ___/s/ Patrick S. Corrigan_____
                Patrick S. Corrigan (0046785)
                6480 Rockside Woods Boulevard South, #145
                Independence, Ohio  44131
                (216) 696-6454 [Telephone]
                (216) 696-0227 [Facsimile
                Patrick_corrigan@staffdefense.com
                *Attorney for Third Party Defendant, Foti Contracting, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically through the United States District Court, Northern District of Ohio, Eastern Division, Clerk of Courts E-filing System this 20th day of December 2019 and will be accessible to all parties through the Court's electronic filing system.

```
        /s/ Patrick S. Corrigan
```
Patrick S. Corrigan (0046785)
*Counsel for Third Party Defendant,*
*Foti Contracting, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I hereby certify that this case has been assigned to the standard track and that the Memorandum herein complies with the page limitations set forth in Local Rule 7.1 and is consistent with the Orders of this Court.

```
        /s/ Patrick S. Corrigan
```
Patrick S. Corrigan (0046785)