IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE TRAVELER'S INDEMNITY CO. | ) | CASE NO.  4:18-CV-00666 |
| | ) | |
| Plaintiff | ) | JUDGE:  SARA LIOI |
| | ) | |
| vs | ) | **THIRD PARTY DEFENDANT FOTI** |
| | ) | **CONTRACTING, LLC'S BRIEF IN** |
| AIR VENT, INC. | ) | **REPLY TO DEFENDANT/THIRD** |
| | ) | **PARTY PLAINTIFF AIR VENT'S** |
| Defendant/Third Party | ) | **MEMORANDUM IN OPPOSITION TO** |
| Plaintiff | ) | **THIRD PARTY DEFENDANT FOTI** |
| | ) | **CONTRACTING, LLC'S MOTION FOR** |
| vs | ) | **SUMMARY JUDGMENT** |
| | ) | |
| GLAUS, PYLE, SCHOMER, BURNS, | ) | |
| & DEHAVEN, INC. dba GPD GROUP, | ) | |
| et al. | ) | |
| | ) | |
| Third Party Defendants | ) | |

Now comes Third Party Defendant, Foti Contracting, LLC, by and through counsel, and pursuant to Rule 56 of the Federal Rules of Procedure, submits its Reply to Defendant/Third Party Plaintiff Air Vent's Memorandum in Opposition (Docket No. 157) to Third Party Defendant's Motion for Summary Judgment (Docket No. 140).

 

Respectfully submitted,

_____/s/ Patrick S. Corrigan_____
Patrick S. Corrigan (0046785)
6480 Rockside Woods Boulevard South, #145
Independence, Ohio  44131
(216) 696-6454 [Telephone]
(216) 696-0227 [Facsimile
Patrick_corrigan@staffdefense.com
***Attorney for Third Party Defendant,***
***Foti Contracting, LLC***

**MEMORANDUM IN SUPPORT**

### A. Foti Contracting Cannot and Should Not Be Held Liable for Design Decisions, Which is the Goal of Air Vent

Air Vent declares under Section (a), II (a) that "*all of the design professionals, roofing experts and the Trumbull County Fire Investigator all [sic] testified that they had never seen such an application whereby a power attic ventilator is used with nail base and ridge vents.*" However, Foti Contracting is not a design professional, a roofing expert, nor a fire cause and origin expert. As such, it cannot be held to the standard of knowledge and expertise that such professionals have. This contention of Air Vent merely bolsters and establishes the fact that Foti Contracting relied on the architect and RoofTEC, the expert retained by the school system, and USA Roofing to properly determine how to install the roof and the proper application of the power attic ventilator.

Air Vent then declares that the "*author of the design specifications – GPD Architect-testified that, in retrospect, it was a mistake to use the power attic ventilators on the Southington School.*" See, II(a) at p. 3. Such retrospection on the part of a design professional would have been helpful at the time of the design. However, Foti Contracting has never represented itself as a design professional in the construction of the school and lacking the 'Vulcan Mind Meld' skills of Star Trek's Mr. Spock, could not have known of any unreasonable hazards ignored by the architect or the roofer.

Air Vent properly recounts the Jackson Court holding that "*the contractor is not liable if he has merely carried out, carefully, the plans, specifications and directions given him, since in that case, the responsibility assumed by the employer [the Southington School District] at least where the plans are not so obviously defective and dangerous, that no reasonable man would follow them.*" *Jackson v. City of Franklin,* 51 Ohio App.3d 51, 554 N.E.2d 932 (1988) at p. 53. Then, disregarding the *Jackson* principles, Air Vent again agitates this Court to hold Foti Contracting to

the standard of care of a design professional in arguing that "*there is ample evidence in this case that would allow a jury to conclude that the design of the roofing system incorporating the heavily modified power attic ventilators onto a nail base and ridge vents . . . was defective and dangerous.*" (P.5). Unpacking the implications of this contention by Air Vent is necessary for the Court to clarify for Air Vent that a general contractor is not held to the standard of care of a design professional, or a roofing professional.

First, Air Vent claims that the roofing system incorporated "*the heavily modified power attic ventilators.*" The only modification to the ventilators was the placement of a small electrical box within the confines of the frame of the vent fan versus placing it under the roof. As Air Vent points out on pp. 9-10 of its brief, VEC was the separate prime contractor who modified the fans. This was necessary, since the design of the roof allowed for no other option. (See, VEC's Motion for Summary Judgment, [Doc #137-1] and testimony of Robert Light at pp. 96-101). Air Vent then contends that somehow Foti Contracting is responsible for "*failing to cut an access hole into the attic as instructed by Air Vent.*" This representation by Air Vent is designed to obfuscate the fact that the channeled roofing system was understood by the architect to serve as the attic space to be vented. (See, Deposition of architect Rodwell King at pp.73-78; and also Deposition of Bartels, [RoofTEC] wherein he clarifies that the "attic space" as contemplated by both Air Vent and the architect, was the one inch (1") air space in the channeled nail board that was used in the construction of the school. (Deposition of Bartels, pp. 33, 36-37). Thus, Air Vent is relying upon a red herring to contend the roof vents were not properly installed.

Air Vent's next misguided support for its position that "no access hole was cut into the roof" relies upon the testimony of Trumbull County Fire Investigator, John Bizub. However, Air Vent conveniently ignores Bizub's testimony stating: "*that he is not a licensed electrician.*" (See,

Deposition of Bizub, p. 7). When Bizub first saw the fan, it had already been taken down from the building and was on the ground. (Deposition of Bizub, p. 23). Bizub further testified that he could see the fan was overheated, by viewing the discoloration on the motor itself. (Deposition of Bizub, p. 27). He did not believe the discoloration on the fan motor came from the fire:

> Q. And that discoloration didn't come from the fire?
> A. I don't believe so. No.

Bizub assumed that the vent fan had no ventilation purpose, whatsoever. (Deposition of Bizub, p. 31), and he disregarded the fact there was "some tubing or ventilation." When asked:]

> Q. And I believe the purpose of that fan was to ventilate that space?
> A. Possibility, but I don't' know, I don't - - I'm not a roofer. I have no idea about that. That's not my job.

(Deposition of Bizub, p. 32). Bizub agreed that he did not run any testing on the fan. (Deposition of Bizub, p. 34). Upon further cross-examination, Bizub admitted that evaluating the thermal cutoff switch for the vent fan was not part of his investigation. He admitted "*I am not an expert at that – I'm not an expert at that involvement in that motor.*" (Deposition of Bizub, p. 57).

Bizub also admitted that the first time that he heard the air vent fan was placed to vent the nail base, was at his deposition on May 17, 2019. (Deposition of Bizub, p. 61). Bizub <u>admits</u> that despite his opinion that there was improper circulation of air to keep the fan cool, he lacks the competency to make such a determination:

> Q. Ok. Now - - and I know in your report you say there was - - . . . in your cause determination, it says the way that the set up was did not allow the proper circulation of air to keep the fan cool. . .
> A. Right.

> Q. Can you - - do you know how to measure air circulation in a roof situation like this one? Do you know the measurements they use?
>
> A. No, I don't know the measurement they use, but at the time of the fire, from what we seen, and I, from what happened that night, normal - - normalcy is - - would not be to put a fan on top of a roof with no air circulation to it.

He re-iterated that he does not know whether this fan may have had proper ventilation. (Deposition of Bizub, p. 73). Ultimately, despite his opinion regarding this singular fan, he admits that he does not know why the other twelve (12) fans did not overheat and catch fire. (Deposition of Bizub, p. 64). Thus, Air Vent has hung its hat on Bizub's testimony, despite the fact that he lacks the competency to render any opinions regarding how this vent fan may have failed, whether it was properly installed, and ultimately whether the roofer or the contractor had any warnings whatsoever that the application was improper. This complete failure of any expert testimony critical of Foti Contracting, further demonstrates that summary judgment should be granted in favor of Foti Contracting.

    **B.** **Foti Had No Responsibility for Subsequent Maintenance of the Ventilation System, and Cannot be Held Accountable for Actions or Decisions of the School District's Maintenance Manager, Irrespective of Whether it was Included in Communications Regarding Ventilation Problems**

There is simply no evidence that Foti Contracting had any continuing duty to the school beyond any warranty set forth in the construction contract. Air Vent, on page 7 of its Brief, contends that since some other person or entity told the Southington School District Maintenance Manager to run the power attic ventilators continuously, that this somehow places Foti Contracting in a position of having a duty to maintain the school or control, understand or resolve problems with the ventilation system. There is simply no evidence that Foti Contracting assumed such a duty, was asked to remedy any problem, or otherwise consulted regarding the ventilation problems. The mere fact that Foti Contracting was copied on e-mails, some months after the installation, does

not render Foti Contracting liable for any outcomes at the school.

 Close scrutiny of Exhibit "MM" and "NN" reveals only that Paul Gillespie was copied on two (2) e-mails from Rich Dopatka of the Scaperotti Construction Group on February 11, 2013 and January 18, 2013, neither of which request Foti's participation or input on the operation of the vent fan system.  If anything, the Scaperotti Group instructed the school on the operation of the vent fan.

The instructions give were simply as follows:

> *"Attached is a copy of the installation instructions and warranty for the Air Vent, Inc. PowerCool Plus 15 unit as installed.  The combination thermostat-humidistat is located similar to figure 6, except that it is mounted to the side of each ventilator below the fan blades and should be easily accessible form the top of the unit.  The thermostat-humidistat is probably at the factory setting, which would not allow the fan to run during the colder temperatures.  We suggest that the settings be changed to on and/or run to allow the units to run continuous as soon as possible to see if it has a positive effect on the ice back-up following the next snow fall, etc.  The units may be able to be reset as this is monitored.  The cover is easily accessible by removing +/-8 screws and be sure to turn the power off to each unit before reaching thru the fan blades.  There should be a power switch at each ventilator.  Please confirm that you can make the adjustment, otherwise we will get you assistance.  The units should be checked, etc. as a regular maintenance routine.*

 This Court can plainly see the instructions from the Scaperotti Group regarding continuously operating the fan, were recommended as a temporary change to determine whether it would have a "positive" effect on the ice back-up following the next snow fall, etc.  Also, Scaperotti Group informed the Southington School District *"the units should be checked, etc., as a regular maintenance routine."* None of these instructions were created by Foti Contracting, none of the recommendations were requested of Foti Contracting, and for Air Vent to contend that somehow this imposed a duty upon Foti Contracting would have the net effect of making Foti Contracting an insurer of the operations of the school long after the school, through its own

inspector, had verified the work was done according to the contract, inspected the work, and accepted the work.  To impose any liability upon Foti Contracting at this stage, some eight (8) to ten (10) years post-installation, would not only be contrary to law, but would invite nothing but continuous litigation against every contractor for any failed maintenance by an owner.

**CONSLUSION**

For the foregoing reasons, Foti Contracting urges this Court to grant summary judgment in its favor on all issues asserted by Air Vent.

Respectfully submitted,

_____/s/ Patrick S. Corrigan_____
Patrick S. Corrigan (0046785)
6480 Rockside Woods Boulevard South, #145
Independence, Ohio  44131
(216) 696-6454 [Telephone]
(216) 696-0227 [Facsimile
Patrick_corrigan@staffdefense.com
*Attorney for Third Party Defendant, Foti Contracting, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically through the United States District Court, Northern District of Ohio, Eastern Division, Clerk of Courts E-filing System this 20th day of December, 2019 and will be accessible to all parties through the Court's electronic filing system.

_____/s/ Patrick S. Corrigan_____
Patrick S. Corrigan (0046785)
*Counsel for Third Party Defendant,
Foti Contracting, LLC*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

  I hereby certify that this case has been assigned to the standard track and that the Memorandum herein complies with the page limitations set forth in Local Rule 7.1 and is consistent with the Orders of this Court.

               _____/s/ Patrick S. Corrigan_____
               Patrick S. Corrigan (0046785)